# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JEROME EDMOND**, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | EP-20-CV-00210-DCG |
| **MARATHON PETROLEUM** | § | |
| **COMPANY, LP**, and **CARDINAL** | § | |
| **SERVICES, INC.**, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant Marathon Petroleum Company, LP's (Marathon) "12(b)(6) Motion to Dismiss, or Alternatively, 12(e) Motion for More Definite Statement" (ECF No. 2). For the reasons that follow, the Court grants the motion in part with leave to amend. Further, the Court *sua sponte* orders Plaintiff Jerome Edmond to amend his allegations against Defendant Cardinal Services, Inc. (Cardinal).

## I.   BACKGROUND

**A. Factual Background**

The following facts derive from Plaintiff Jerome Plaintiff's "Original Petition" (ECF No. 4-2) filed in the state court and, in this posture, are taken as true. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012).

Marathon owns a refinery in El Paso, Texas.[1] On or about January 23, 2020, Defendant Cardinal Services, Inc. ("Cardinal") placed Plaintiff at the refinery.[2] On that day, Plaintiff was

---

[1] Original Pet. ¶ 10, ECF No. 4-2.

[2] *Id.* In its notice of removal, Marathon argues, backed by an affidavit of a Cardinal officer, that Cardinal "never placed a Jerome Edmond at anytime or anywhere for employment services." Am. Notice of Removal at ¶ 6, ECF No. 4. However, in deciding a Rule 12(b)(6) motion, "*Iqbal* does not allow us to

working at the refinery and shoveling out some pipes—when his "personal monitor" went off.[3]

He and a coworker told an area supervisor,[4] who told them not to worry and go back to work.[5]

Marathon failed to remove dangerous chemicals from the area in which Plaintiff was working.[6]

Plaintiff passed out and woke up to medical personnel attending to him.[7]  He suffered injuries to his back, lungs, head, and other parts of his body.[8]

### B. Procedural Background

On April 15, 2020, Plaintiff brought this lawsuit against Marathon and Cardinal in the 327th Judicial District Court in El Paso County, Texas.[9]  In his state court petition, Plaintiff asserts a negligence claim or alternatively, a premises liability claim against Marathon and Cardinal.  Plaintiff served the petition upon Marathon on June 29, 2020, and upon Cardinal on July 1, 2020.[10]  On July 17, 2020, Marathon removed the case to federal court premised upon diversity jurisdiction.[11]

---

question the credibility of the facts pleaded . . . . *Iqbal*, instead, tells us to assume the veracity of well-pleaded factual allegations." *Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019) (alteration, internal quotes, and citations omitted)).  Moreover, on a Rule 12(b)(6) motion, "a district court may not go outside the complaint." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotes and citations omitted).

[3] Original Pet. ¶ 11; Resp. to Mot. at ¶ 14, ECF No. 5.

[4] Plaintiff states that at this time, the supervisor's identity and employer are unknown.  Resp. to Mot. at ¶ 16.

[5] Original Pet. ¶ 11.

[6] *Id.* ¶ 14; *see also* Resp. to Mot. at ¶ 14.

[7] Original Pet. ¶ 11.

[8] *Id.*

[9] *Id.* at 1.

[10] Am. Notice of Removal at ¶¶ 4–5.

[11] Notice of Removal at ¶ 1, ECF No. 1.

On July 23, 2020, Marathon filed the instant motion.[12]  Plaintiff filed a response to the motion on July 29,[13] and Marathon followed by filing a reply on August 5, 2020.[14]  In January 2021, the Court issued an order *sua sponte* permitting Plaintiff to submit a sur-reply in response to a new argument raised in Marathon's reply.  Order for Sur-Reply, ECF No. 8.  To date, Plaintiff has not filed a sur-reply.

## II.   STANDARD

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff."  *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018).  But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotes and citation omitted).  Further, the court must generally limit its inquiry to the complaint and its proper attachments.  *See, e.g.*, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted).

A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet the "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[12] Mot. to Dismiss, ECF No. 2.

[13] Resp. to Mot., ECF No. 5.

[14] Reply to Mot., ECF No. 6.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain either direct factual allegations or permit properly drawn inferences to support the elements of a cause of action in order to make out a valid claim.  *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).  The court's task then is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citation and internal quotation marks omitted).  "In other words, we look to see whether [the plaintiff's] pleadings, including [his] legal arguments, plausibly state a claim."  *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012).

**B.  Motion for More Definite Statements**

If "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response," the party may move for a more definite statement before filing a responsive pleading.  Fed. R. Civ. P. 12(e).  The movant "must point out the defects complained of and the details desired."  *Id*.  Unlike a Rule 12(b)(6) motion, a Rule 12(e) motion is committed to the sound discretion of a trial judge.  *Mitchell v. E-Z Way Towers, Inc*., 269 F.2d 126, 130 (5th Cir. 1959).

Rule 12(e) motions are "generally disfavored," and "granted only when a pleading is so 'barren of specifics,' that the opposing party is unable to respond," *Prewitt v. Cont'l Auto*., 927 F. Supp. 2d 435, 444 (W.D. Tex. 2013) (quoting *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.15 (1973)); *see also Cates v. Int'l Tel. & Tel. Corp*., 756 F.2d 1161, 1180 (5th Cir. 1985) ("[E]xtremely conclusory, confused, and unclear" pleadings are "subject to motions for more definite statement under [Rule] 12(e).").  "[A] motion for a

more definite statement may not be used as a substitute for discovery." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001) (citing *Mitchell*, 269 F.2d at 132).

### III.  DISCUSSION

Marathon advances several arguments in support of its motion to dismiss Plaintiff's claims asserted against it. It argues that Plaintiff's factual allegations do not plausibly suggest Marathon's liability under Section 96.003 of the Texas Civil Practice and Remedies Code. Mot. to Dismiss at ¶ 12. Further, it argues for the first time in its reply brief that even if Chapter 95 is inapplicable at the pleading stage, the complaint fails to allege sufficient facts to state a premises liability claim. Reply to Mot. at ¶ 6. Marathon also contends that the complaint fails to plead sufficient facts to state a negligence activity claim. Mot. to Dismiss at ¶ 12. Alternatively, Marathon requests that the Court order Plaintiff plead more definite statements. *Id.* at ¶¶ 14–17.

### A.  Section 95.003

Enacted in 1995, Chapter 95 of the Texas Civil Practice and Remedies Code "reflects just one aspect of the Texas legislature's recent so-called 'tort reform' efforts." *Spears v. Crown Cent. Petroleum Corp.*, 133 F. App'x 129, 130 (5th Cir. 2005). According to § 95.003, when a contractor or subcontractor (or an employee thereof) "who constructs, repairs, renovates, or modifies an improvement to real property" sues for personal injury, the property owner will not be liable unless the plaintiff can show that the property owner (1) exercised or retained "some control over the manner in which the work is performed" and (2) had "actual knowledge of the danger or condition resulting in personal injury, death, or property damage," yet "failed to adequately warn" of that danger or condition. Tex. Rev. & Rem. Code Ann. § 95.003. Furthermore, the code clarifies that "[t]his chapter applies *only* to a claim . . . that arises from the condition or use of an improvement to real property where the contractor or subcontractor

constructs, repairs, renovates, or modifies the improvement." *Id.* § 95.002(2) (emphasis added).[15]

When Chapter 95 applies, "it grants the property owner additional protection" over the common law on a premises liability or negligence claim asserted by an independent contractor or its employee. *Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 561 (Tex. 2016). Under the common law, "an independent contractor or its employee can recover against a property owner for premises liability or negligence if the owner exercised some control over the relevant work and either knew or reasonably should have known of the risk or danger." *Id.* However, under Chapter 95, "the owner is not liable based merely on what it reasonably should have known," but liable only if "the owner "had actual knowledge of the danger or condition." *Id.* (quoting § 95.003(2).

Marathon argues that Plaintiff's complaint fails to plead facts from which it could be reasonably inferred that it had the requisite "control" and "actual knowledge," and consequently, fails to plausibly suggest that Marathon is liable for his injuries. Mot. to Dismiss at 3–5. Plaintiff counters that Chapter 95 is an "evidentiary requirement" to a negligence claim under which Marathon has the initial burden to show that the chapter applies to his claims and further that it does not apply at the pleading stage and pleading sufficiency. Pl.'s Resp. at 2–4.

Courts analyze Sections 95.002 and 95.003, in tandem, as an evidentiary burden-shifting framework: the property owner has the initial burden to establish that Chapter 95 applies to the plaintiff's claims, by presenting evidence "that conclusively establishes that all elements of section 95.002 have been met," and  if the property owner satisfies that burden, "the burden then

---

[15] *See also Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 50 (Tex. 2015) ("Chapter 95 . . . appl[ies] to all negligence claims that arise from either a premises defect or the negligent activity of a property owner or its employees by virtue of the 'condition or use' language in section 95.002(2).").

shifts to the plaintiffs to establish both prongs of section 95.003—control, actual knowledge, and inadequate warning—in order to trigger the exception to a property owner's liability protection." *Wallace v. Energen Res. Corp.*, 603 S.W.3d 499, 505 (Tex. App.—El Paso 2020, pet. filed); *see also e.g.*, *Cox v. Air Liquide Am., LP*, 498 S.W.3d 686, 689 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Covarrubias v. Diamond Shamrock Ref. Co., LP*, 359 S.W.3d 298, 301 (Tex. App.—San Antonio 2012, no pet.); *Gorman v. Ngo H. Meng*, 335 S.W.3d 797, 802–03 (Tex. App.—Dallas 2011), *disapproved on other grounds by First Texas Bank v. Carpenter*, 491 S.W.3d 729 (Tex. 2016); *Petri v. Kestrel Oil & Gas Properties, L.P.*, 878 F. Supp. 2d 744, 770 (S.D. Tex. 2012); *Ashworth v. Lubrizol Corp.*, No. 1:06-CV-494, 2008 WL 11344947, at *6 (E.D. Tex. Oct. 1, 2008).

Marathon has not pointed the Court to any federal court decision that has applied Chapter 95 at the pleading stage to test the sufficiency of a plaintiff's complaint. The Court observes that, in employment discrimination cases, courts have declined to apply, on a Rule 12(b)(6) motion, the all-too-familiar *McDonnell Douglas*[16] evidentiary burden shifting framework. *E.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019) ("A court . . . inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas*

---

[16] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

framework in response to a motion to dismiss."). In that context, the Fifth Circuit has said that "[s]uch inquiries are better suited to summary judgment." *Cicalese*, 924 F.3d at 67.

The Court holds that to survive Marathon's Rule 12(b)(6) motion to dismiss, Plaintiff need not allege facts to plausibly support the elements or prongs of Section 95.003. The application of Chapter 95 is better suited for the summary-judgment or trial stage.

## B. Pleading Sufficiency

Plaintiff asserts a negligence claim or alternatively, a premises liability claim.[17] Original Pet., § V. "An owner or occupier of land has a duty to use reasonable care to keep the premises under his control in a safe condition." *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985). This duty may subject the owner to direct liability for negligence in failing to keep the premises safe: "A person injured on [the] property may have either a negligence claim or a premises-liability claim against the property owner." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (brackets, internal quotes, and citation omitted). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *United Scaffolding, Inc.*, 537 S.W.3d at 471 (internal quotes and citation omitted).

Preliminarily, the Court notes that Plaintiff's complaint does not allege whether he was an employee of Marathon, an independent contractor, or an employee of an independent contractor. His complaint alleges only that Cardinal placed Plaintiff at the Marathon El Paso refinery and that he was working at the refinery when he was injured. Original Pet. at ¶¶ 10–11.

---

[17] It is unclear whether Plaintiff intends to pursue the premises liability claim at all, even though in his complaint, he references it as an alternative claim. In his response to the motion, he captions a sub-heading as "Plaintiff Edmond Sufficiently Pled a Claim of Negligence, Not Premises Liability." Mot. to Dismiss at 6.

Further, in alternatively arguing that Marathon has failed to carry its initial burden to show that Chapter 95 applies, Plaintiff challenges only the second prong of § 95.002, but not the first prong, which requires Marathon to show that Plaintiff's claim is "against a property owner . . for personal injury . . . to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor." Tex. Rev. & Rem. Code Ann. § 95.002(2).

Marathon takes the position that Plaintiff was an independent contractor—an inference it draws, correctly or incorrectly, from his allegations. Mot. to Dismiss at ¶ 10 ("[T]he only inference that may be drawn . . . is that Plaintiff likely was Defendant's independent contractor."); Reply to Mot. at ¶ 7. Further, the Court *sua sponte* permitted Plaintiff to file a sur-reply to, among others, address the inference Marathon draws, *see* Order for Sur-Reply at 1–2, but he did not file a sur-reply. For purposes of this motion, therefore, the Court understands Plaintiff not to dispute that he is an independent contractor or an employee of thereof.

### 1. *Negligent Activity Claim*

"Although negligent activity and premises liability claims are branches of the same tree," negligence law, *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), and "the lines between negligent activity and premises liability are sometimes unclear," *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010), they differ in one important respect. Negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury," whereas premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners*, 307 S.W.3d at 776.

Marathon argues that Plaintiff does not allege that his injury was caused by any contemporaneous activity of another, including Marathon. Mot. to Dismiss at ¶ 13. In response,

Plaintiff points out that his complaint alleges that Marathon was "negligent in failing to properly prepare the area in which Plaintiff was working including removing the dangerous chemicals." Original Pet. at ¶ 14; *see also* Resp. at ¶ 20.  Such allegations sound in nonfeasance theory, and therefore, not actionable under a negligent activity claim.  *See Austin*, 465 S.W.3d at 216 (elaborating "nonfeasance," as a "failure to act," and "misfeasance" as an "improper action").

Further, under the common law (as under § 95.003), to "recover against a property owner for premises liability or negligence," an independent contractor or its employee must show that "the owner exercised some control over the relevant work."  *Ineos USA, LLC*, 505 S.W.3d at 561.  Plaintiff points out that his complaint alleges that Marathon "had control over the premises, instrumentality, and activity in question."  Original Pet. at ¶ 13; *see also* Resp. at ¶ 15.  Such allegation however is insufficient to survive a motion to dismiss.  *See Iqbal*, 556 U.S. 662, 678 ("A pleading that offers labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (brackets, internal quotes, and citations omitted)).  The Court concludes that Plaintiff's complaint fails to state a negligent activity claim.

## 2. *Premises Liability Claim*

There are two types of premises defects, *i.e.*, dangerous conditions, for which an independent contractor or its employee may seek to hold the property owner liable: (1) one that existed on the premises when the independent contractor/invitee entered; and (2) one that the independent contractor created by its work activity.  *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 746 (Tex. 1973).  With respect to an existing dangerous condition, an owner has a duty to inspect the premises and warn

of concealed, *i.e.*, not open and obvious, hazards the owner knows or should have known about. *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004); *Coastal Marine Serv. of Tex., Inc.*, 988 S.W.2d at 225. With respect to a dangerous condition arising later, the owner has no duty unless it retains control over the independent contractor's work that created the condition: the premises owner must exercise that control with reasonable care—so as to prevent the work which it has ordered to be done from causing injury to others. *Khan*, 138 S.W.3d at 295; *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex. 1999); *Clayton W. Williams, Jr., Inc.*, 952 S.W.2d at 528.

Here, Plaintiff's complaint avers that the dangerous condition is related to unspecified chemicals but fails to allege facts from which the Court may infer whether the condition was pre-existing or later created. Further, Marathon for the first time argues in his reply brief, that even if Chapter 95 is inapplicable at the pleading stage, Plaintiff has failed to allege facts to plausibly suggest that Marathon retained the requisite control under the common law. Reply to Mot. at ¶¶ 6–8; *id.* at ¶ 8 (arguing that "[p]remises owners' control over the premises is not their control over independent contractors' work."). As noted above, Plaintiff has failed to avail of the opportunity the Court *sua sponte* afforded him to respond to Marathon's new argument. As such, the Court understands Plaintiff to concede Marathon's argument. The Court concludes that Plaintiff's complaint fails to state a premises liability claim.

In sum, the Court grants Marathon's motion to dismiss and dismisses Plaintiff's claims against Marathon—though, as discussed next, with leave to amend. Moreover, because the Court grants Marathon's motion to dismiss, it denies Marathon's alternative motion for more definite statements.

### C. Leave to Amend the Complaint

Plaintiff points out that he filed this suit in Texas state court, which has different standards regarding the sufficiency of pleadings. He requests that in the event the Court finds Marathon's motion meritorious, it should grant him leave to amend his pleading instead of dismissing his claim. Resp. at ¶ 17.

"[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000); *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Therefore, the Court grants Plaintiff leave to amend his complaint and thereby affords him an opportunity to cure the pleading deficiencies discussed *supra*.

### D. Plaintiff's Claims Against Defendant Cardinal

Initially, the Court addresses Cardinal's status as a party. Cardinal was served in the state court but did not join in or consent to Marathon's notice of removal. Am. Notice of Removal at ¶ 5, ECF No. 4; *see also* 28 U.S.C.A. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Plaintiff did not file a motion to remand. In its notice of removal, Marathon argued that Cardinal's consent was not necessary because it was "improperly joined." Am. Notice of Removal at ¶ 6. In support of its argument, Marathon incorrectly relied on a line of cases that turn on improper joinder of a non-diverse, instate defendant to defeat

removal jurisdiction.[18] Cardinal however is diverse, as it is an Ohio entity with its principal place of business in Ohio and thus, a citizen of Ohio, and Plaintiff is a resident of Texas and thus, a citizen of Texas. Original Pet. at ¶¶ 2, 4; Am. Notice of Removal at ¶ 4. Consequently, Cardinal remains a party-defendant in this diversity action.

However, the record does not indicate that Cardinal filed an answer to Plaintiff's original complaint or a Rule 12 motion. *See* Fed. R. Civ. P. 81(c)(2) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: . . . 21 days after being served . . . or 7 days after the notice of removal is filed."). Under this District's local rule, "[i]f a defendant is in default, the court may require the plaintiff to move for entry of a default and a default judgment." W.D. Tex. Local R. CV-55. The Court therefore intends to issue an order directing Plaintiff to move for default judgment— after Plaintiff files his amended complaint.[19]

Further, although the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss, *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (A default judgment must be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings."); *Wooten v. McDonald Trans. Assocs., Inc.*, 788 F.3d 490, 498 & n.3 (5th Cir. 2015) (Rule 8, as opposed to Rule 12(b)(6), governs what is "sufficient" for purposes of default judgment.), the Court observes that

---

[18] *See, e.g.*, *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined."); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) ("A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is *nondiverse*, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is *nondiverse*." (emphasis added)).

[19] *Cf.* 28 U.S.C.A. § 1447(a) ("In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.").

Plaintiff's allegations in his original complaint fail to provide the requisite basis sufficient for default judgment.  For example, Plaintiff's original complaint does not state facts regarding the nature of the relationships between Cardinal and Plaintiff, or between Cardinal and Marathon; what role, if any, Cardinal played in relation to Plaintiff's injury; and what specific acts or omissions—separate from those of Marathon's—that give rise to Cardinal's liability.

Therefore, to the extent that Plaintiff wishes to continue pursuing his claims against Cardinal, the Court orders him to allege in his amended complaint sufficient facts in support of such claims, consistent with his counsel's obligation under Rule 11(b).  *See Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017) (A district court "court can *sua sponte* order a plaintiff to submit a more definite statement" when allegations are "confusing, somewhat contradictory, and sufficiently unclear." (citations omitted)); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("[D]istrict courts [have] their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.").[20]

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Marathon's "12(b)(6) Motion to Dismiss, or Alternatively, 12(e) Motion for More Definite Statement" (ECF No. 2) is **GRANTED IN PART and DENIED IN PART**.  The motion is **GRANTED** as to Plaintiff's claims against Marathon, but with leave to amend, and **DENIED** in all other respects.

---

[20] *See also Williams v. Certain Individual Emps. of Tex. Dep't of Criminal Justice-Institutional Div.*, 480 F. App'x 251, 254 n.1 (5th Cir. 2010) (observing that the district court *sua sponte* requested plaintiff to file a motion definite statement); *cf. Reed v. Jones*, 483 F.2d 77, 79 (5th Cir. 1973) (stating that "the [district] court, *sua sponte*, might require the defendants to formulate and serve a motion for a more definite statement on petitioner under Rule 12(e) . . . in an effort to ascertain the facts for use in proceedings short of trial.").

**IT IS THEREFORE ORDRED** that Plaintiff's claims against Marathon are **DIMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND.** Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint to cure the pleading deficiencies discussed in this Order.

**IT IS FURTHER ORDERED** that to the extent that Plaintiff wishes to continue pursuing his claims against Defendant Cardinal, Plaintiff **MUST PLEAD**, consistent with this Order, sufficient facts in support of such claims in his amended complaint; **SHALL PROMPTLY SERVE** a copy of the same upon Cardinal; and **SHALL PROMPTLY FILE** a notice of service.

So ORDERED and SIGNED this __16th__ day of February 2021.

_/s/ David C. Guaderrama_
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**